McKinney, J.,
delivered the opinion of the court.
This is an action of replevin, for a female slave named Tabitha. The plaintiff sues in the character of administrator of his deceased wife, formerly Deborah E. Robinson. The verdict and judgment, in the circuit court, were for the defendant.
The facts of the case are as follows: On the 29th of October, 1839, William Halliburton, by an instrument of writing, under seal, made a gift of said slave to said Deborah E. Robinson, then a feme sole; reserving to himself, however, the possession and exclusive control of said slave during his natural life. Afterwards,, namely, on the 31st of October, 1842, said Halliburton, being in possession of said slave, sold and con *409 veyed her, by a bill of sale in the usual form, to the defendant Wilkes, for the consideration of four hundred dollars in hand paid; and thereupon delivered said slave to the defendant, who has ever since retained her in possession. It is not questioned but that the defendant purchased said slave in good faith, for a valuable and adequate consideration, and without notice of the prior gift to said Deborah E. Robinson.
Said William Halliburton died in the year 1851, shortly before the institution of this suit.
It appear-s that the deed of gift to Deborah E. Robinson, was duly acknowledged by the donor, before the clerk of the county court, on the day of its date; but the same was not re-gisted until the 7th of July, 1851, after the donor’s death.
The defendant’s bill of sale was proved by the subscribing witnesses, in proper form, on the 1st day of July, 1843, and on the same day was delivered to the Register for registration, who immediately noted the same in his book, pursuant to the act of 1841, ch. 12, §'2, but was omitted to be registered, in fact, until the 8tb day of July, 1851, the day after the registration of said deed of gift.
Upon the foregoing facts, we think the case was correctly decided in the court below.
1. Under the registry acts, the title of the defendant must prevail. The act of 1831, ch. 90, § 6, provides, that all instruments i equired to be registered, (amongst which are deeds of gift and bills of sale for slaves,) “shall take effect only from the time they are registered;” and that a subsequent conveyance, if first registered, shall have preference over an unregistered prior conveyance, unless it be established in a court of equity, that the subsequent purchaser had full notice of such previous conveyance. And by the 12th section it is declared, that all deeds and other instruments, not proved and registered in the manner required by that act, “shall be null and *410 void as to existing or subsequent creditors, or Iona fide purchasers without notice.”
But it is argued, that the act of the Register, in noting the time of reception of the defendant’s bill of sale, as required by the act of 1841, — not having been followed up by actual registration, until after the registration of the deed of gift under which plaintiff claims — is inoperative, and cannot have the effect of giving preference to the defendant’s title. We think otherwise.
The 2d section of the act of 1841, in express terms declares, that “every deed, or other instrument, shall be considered as registered, and take effect at the time so noted.” This provision needs no comment. The omission of the officer — whether intentional or not — to register all instruments without delay, or in the order of time of reception, as is directed by the 3d section, will not be allowed to defeat or prejudice the rights of the parties.
The party claiming under a deed, or other instrument, proved in proper form, and filed with the Register, and noted by him in his book, in conformity with the act of 1841, will stand in the same attitude — as well in respect to creditors of the vendor, as purchasers from him — as if such deed or other instrument had been then actually spread upon the Register’s books.
The conveyance under which the plaintiff claims being voluntary, unaccompanied by delivery of possession, must yield to the title of a subsequent bona fide purchaser for a valuable consideration, without notice of the prior gift.
The judgment will be affirmed.